UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | )  CASE NO 4:20CV233 HEA ) |
| GERRICK TAYLOR, | ) ) |
| Defendant. | ) ) |

## AMENDED MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Arbitration, to Stay State Court Action, [Doc 17] and Plaintiff's Motion for Preliminary Injunction, [Doc. No. 4]. Defendant opposes the Motions. On May 6, 2020, the Court conducted a telephone conference hearing at which all parties appeared through counsel. For the reasons set forth below, the Motion to Compel Arbitration and to Stay State Court Action is granted. The Motion for Preliminary Injunction is denied.

### Facts and Background

Plaintiff filed this action to compel arbitration alleging the following: Defendant is a former employee of Plaintiff and that he electronically executed an arbitration agreement offered by Defendant, ("the JAMS Arbitration Agreement"). The JAMS Arbitration Agreement applies to any and all claims, disputes, and/or

controversies arising from or related to Defendant's employment with Plaintiff. The JAMS Arbitration Agreement specifically includes claims made under state law.

After executing the JAMS Arbitration Agreement, Plaintiff announced the Solution Channel program to its employees, which included an additional mutual agreement to arbitrate claims.

Defendant's employment with Plaintiff ended on December 5, 2018.  He subsequently filed an action in the Circuit Court for the County of St. Louis, Missouri, *Taylor v. Charter Communications*, 19SL-CC00971 ("the State Court Action"), on March 6, 2019 in which Defendant alleged Plaintiff discriminated, harassed, and retaliated against him in violation of the Missouri Human Rights Act, and wrongfully discharged him in violation of Missouri Public Policy.

Plaintiff filed a motion to compel arbitration in the State Court Action based on the Solution Channel Agreement.  The State Court denied the motion to compel, finding that the necessary elements to form a valid contract were not present, thereby rendering the Solution Channel Agreement void as to Defendant.  Plaintiff thereafter sought voluntary arbitration under the  JAMS Arbitration Agreement with Defendant.  Defendant would not voluntarily dismiss the State Court Action and arbitrate his employment claims.

Plaintiff filed this action seeking to enforce the JAMS Arbitration Agreement and to enjoin the State Court Acton.

## Discussion

The FAA does not create independent federal question jurisdiction; instead, § 4 of the FAA "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute...." *Moses H. Cone Mem'l Hosp.*, *v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n. 32 (1983). Here, Plaintiff asserts that subject-matter jurisdiction exists due to diversity of citizenship, *see* 28 U.S.C. § 1332, which requires complete diversity among the parties and a least $75,000 in controversy. Defendant does not dispute the Court's diversity jurisdiction.

The FAA requires courts to enforce written agreements to arbitrate disputes and reflects a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24. "[C]ontract provisions directing arbitration shall be enforceable in all but limited circumstances." *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003).

Under Section 2 of the Federal Arbitration Act (FAA), "written arbitration agreements [are] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of a contract." *Anderson v. Carlisle*, 129 S.Ct. 1896, 1901 (2009). Section 2 "creates substantive federal law regarding the

enforceability of arbitration agreements, requiring courts to place such agreements upon the same footing as other contracts." *Id.* (quotations omitted).

Defendant does not argue the validity or applicability of the JAMS Arbitration Agreement to his claims of discrimination and retaliation. Rather, Defendant argues Plaintiff waived its right to arbitration. Defendant further argues that the JAMS Arbitration Agreement is not valid because the Solution Channel Agreement was intended to replace the JAMS Arbitration Agreement. Since the Solution Channel Agreement was found by the State Court to be ineffective as to Defendant, Defendant argues there is no binding arbitration agreement.

**Waiver of Right to Arbitrate**

"Parties can waive their contractual right to arbitration even if their agreement to arbitrate is valid and enforceable." *Schultz v. Verizon Wireless Servs., LLC*, 833 F.3d 975, 978 (8th Cir. 2016). Courts will not compel arbitration when the party who seeks to arbitrate has waived its right to do so. *See generally Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1094 (8th Cir. 2007); *Hooper v. Advance Am.*, 589 F.3d 917, 920 (8th Cir. 2009); *Erdman Co. v. Phx. Land & Acquisition, LLC*, 650 F.3d 1115, 1120 (8th Cir. 2011).

> [A] party waives its right to these procedures if it: (1) knew of its right to these procedures, (2) acted inconsistently with that right, and (3) prejudiced the other party with these inconsistent acts. *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 728 F.3d 853, 862 (8th Cir. 2013). "We review de novo the legal determination of waiver but examine the factual findings

> underlying that ruling for clear error." *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1090 (8th Cir. 2007). Because there is a "strong federal policy in favor of arbitration," we will resolve "any doubts concerning waiver of arbitrability" in favor of arbitration. *Id.* (quoting *Dumont v. Saskatchewan Gov't Ins.*, 258 F.3d 880, 886 (8th Cir. 2001)).

*Sysco Minnesota, Inc. v. Teamsters Local 120*, __F.3d ___, No. 18-3491, 2020 WL 2464922, at *2 (8th Cir. May 13, 2020).

Defendant argues that Plaintiff acted inconsistently with the right to arbitration by first utilizing the Solution Channel Agreement as the basis for arbitration and then bringing this action to enforce the arbitration provisions of the JAMS Arbitration Agreement. This argument is without merit. The inconsistency must occur with respect to the right to arbitrate; it has nothing to do with what agreement is presented for the determination. Plaintiff has consistently and persistently pursued its arbitration rights under *both* arbitration agreements.

Nor has Defendant been prejudiced by any inconsistent act; Plaintiff has never acted inconsistent with its right to arbitrate. Even assuming, *arguendo*, an inconsistency could be found, Defendant still cannot establish prejudice. Under either agreement, the parties agreed to arbitrate employment issues. Plaintiff could have raised the JAMS Arbitration Agreement in the State Court as well as this Court. Defendant opposed the Motion to Compel in this Court and if Plaintiff had filed the Motion in the State Court, he would have been given the opportunity to

oppose it there as well. Defendant has suffered no prejudice justifying a finding of a waiver of the right to arbitrate.

**No Arbitration Agreement is in Effect**

Defendant argues that since the State Court found the Solution Channel Agreement was ineffective as to Defendant, there is no arbitration agreement. Plaintiff is correct in its argument that the finding by the State Court did not invalidate the JAMS Arbitration Agreement, rather, the parties merely did not effectuate the substitution. The JAMS Arbitration Agreement, therefore remained in effect. *Simmons v. Norwesco*, 442 F.Supp.1102 (D.S.D. 1977).

**Stay of the State Court Action**

The final issue to be resolved is whether the state court action should be stayed pending arbitration. The Federal Arbitration Act authorizes federal courts to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Supreme Court has held that this provision of the FAA allows federal courts to stay state court proceedings. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 27 n.34; *see* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except ... to protect or effectuate its judgments"). Accordingly, pursuant to this authority and in order to effectuate its order compelling arbitration, the Court stays Defendant's claims against Plaintiff in the state court action. The next

question is whether the pending state court proceedings should be enjoined. In *Great Earth Companies, Inc. v Simons*, 288 F.3d 878 (6th Cir. 2002), the Sixth Circuit affirmed a district court's injunction of state court proceedings based on the district court's order granting a motion to compel arbitration. The Sixth Circuit rejected the argument that the injunction violated the Anti-Injunction Act, 28 U.S.C. § 2283, because the district court's injunction of the parallel state-court proceedings was necessary to protect or effectuate its judgment, and therefore, fell within the relitigation exception to the Anti-Injunction Act. 288 F.3d at 894. Judge Wimes recently enjoined a state court proceeding in *TWC Admin. LLC. v. Cathey*, 2017 WL 2895107 (W.D. Mo. July 6, 2017) after granting plaintiff's motion to compel arbitration. In that case, however, the state court had denied a motion to compel arbitration with regard to the same arbitration agreement at issue in the federal case. *Cathey*, 2017 WL 2895107, at * 1.

Although this Court may order an injunction of state court proceedings, there has been no evidence presented that an injunction is necessary. Several courts have pointed out that *Great Earth* does not require an injunction of state court proceedings even after granting a motion to compel arbitration. "What the *Great Earth* court did not say, however, was that a district court *must* enjoin a state-court proceeding after the district court compels arbitration." *Saylersville Health Facilities, LP v. Fletcher*, 2015 WL 9424145, at * 4 (E.D. Ken. 2015). "The circuit

held only that such injunctions are permissible—not that they are required." *Id*. "The fact that an injunction *may* issue under the [Anti Injunction] Act does not mean that it *must* issue." *Id*. (citing *Great Earth*, 288 F.3d at 893 (quoting *Quackenbush v. Allstate Inc. Co.*, 121 F.3d 1372, 1377 (9th Cir. 1997)). Judge Wimes' decision in *Cathey* presents on a different posture as the state court in that case denied a motion to compel arbitration with respect to the *same* arbitration agreement at issue before him. There is no indication in this case that the State Court will not honor the stay. An injunction of state court proceedings is unnecessary at this time. See *AT & T Mobility Servs. LLC v. Inzerillo*, No. 4:17-CV-00841-HFS, 2018 WL 10160964, at *1–4 (W.D. Mo. Jan. 31, 2018).

## Conclusion

For the reasons stated herein, the Court concludes Plaintiff has not waived its right to enforce the JAMS Arbitration Agreement because it has not acted inconsistently with that right and Defendant has not been prejudiced in the manner required to support a waiver. The JAMS Arbitration Agreement is in effect and requires arbitration of Defendant's claims under the Missouri Human Rights Act. The Motion to Compel Arbitration will be granted. Plaintiff's request for preliminary injunction is denied. This matter will be ordered closed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's to Compel Arbitration and Stay the State Court Action, [Doc No. 17], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall statistically close this case.

Dated this 29th day of May, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE